**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Argued March 30, 2018

Decided March 30, 2018

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

J. PHIL GILBERT, *District Judge*[*]

| | |
|---|---|
| No. 17-2855 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | |
| *v.* | |
| J.R., *Defendant-Appellant*. | No. 1:17-cr-00098-SEB-MJD Sarah Evans Barker, *Judge*. |

**Order**

In this prosecution of a juvenile, the United States asked the district court to treat J.R. as an adult under 18 U.S.C. §5032 ¶¶ 1(3), 4, because he has been accused of a crime of violence. The crime in question is conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, and the United States labels this as a crime of violence under 18 U.S.C. §16(b). The district court granted the motion and transferred the case to the adult docket. J.R. has appealed, as he is entitled to do. *United States v. Juvenile Male*,

---

[*] Of the Southern District of Illinois, sitting by designation.

855 F.3d 769, 771 (7th Cir. 2017). For the time being, his identity remains confidential. 18 U.S.C. §5038(e).

The problem with reliance on §16(b) is that this court has found it to be unconstitutionally vague. See *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015). The United States believes that *Vivas-Ceja* is incorrect and that the Supreme Court will hold so— if not in *Sessions v. Dimaya*, No. 15–1498 (argued January 17, 2017; reargued October 2, 2017), then in some successor, such as *United States v. Jackson*, petition for certiorari pending, No. 17–651. But the law in this circuit currently prohibits the use of §16(b) to classify RICO conspiracy as a crime of violence. The United States concedes that, unless the Supreme Court ultimately disapproves *Vivas-Ceja*, J.R. cannot be prosecuted in federal court under §5032.

J.R. was charged after the release of *Vivas-Ceja*. He has been in federal custody for more than nine months on the basis of a certification under §5032 that the prosecutor concedes is incompatible with the law of this circuit.

The judgment of the district court is reversed, and the case is remanded with instructions to dismiss the papers certifying that J.R. is prosecutable as an adult. He is entitled to be released from federal custody, and we trust that the prosecutor and district court will ensure that this happens forthwith (and without waiting for the district court's receipt of our mandate). If the United States seeks rehearing, we will defer action pending the decision in *Dimaya* (or, perhaps, some other case if *Dimaya* does not finally resolve the issue). But J.R. cannot be held in indefinite custody just because of uncertainty about when and how the Supreme Court will resolve a legal question.